IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2028-FL

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUPERINTENDENT SORRELL SAUNDERS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

The matter comes before the court on respondent's motion for summary judgment (DE 14) pursuant to Federal Rule of Civil Procedure 56. The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

On July 17, 2014, petitioner, a state inmate, filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of North Carolina. In his petition, petitioner challenged the disciplinary conviction he received at Tabor Correctional Institution ("Tabor") on August 28, 2013, for the D-14 disciplinary offense of feigning a medical illness. On January 12, 2015, the district court judge entered an order transferring this action from the Middle District to this court.

On April 23, 2015, respondent filed a motion for summary judgment, arguing that petitioner's disciplinary conviction does not violate petitioner's constitutional rights. Alternatively, respondent argues that the petition should be dismissed because petitioner failed to exhaust his state

court remedies prior to bringing this action. In support of his motion, respondent attached petitioner's disciplinary hearing and appeal record, as well as pertinent North Carolina Department of Public Safety ("DPS") policies and procedures. Petitioner responded to the motion and attached excerpts from DPS' Health Services Policy and Procedure Manual, excerpts from petitioner's medical records for the date of August 16, 2013, and various sick call requests.

## STATEMENT OF FACTS

The summary of the record developed at petitioner's disciplinary hearing is as follows:

> NURSE B. CLARK STATED, ON 08/16/13 AT APPROXIMATELY 1240 HOURS INMATE JOSEPH GRIFFITH #0726310 DECLARED A MEDICAL EMERGENCY. NURSE CLARK STATED THAT INMATE GRIFFITH WAS ASSESSED AND WAS EXPLAINED TO HIM TWO TIMES ABOUT THE CRITERIA FOR A MEDICAL EMERGENCY. NURSE CLARK STATED THAT INMATE GRIFFITH INSISTED THAT HE NEEDED TREATMENT. NURSE CLARK STATED THAT AFTER ASSESSMENT IT WAS DETERMINED THAT INMATE GRIFFITH DID NOT MEET THE CRITERIA FOR A DECLARED EMERGENCY. NURSE CLARK STATED SHE INFORMED I/M GRIFFITH THAT HE WOULD BE WRITTEN UP.
>
> INMATE REQUESTED STAFF ASSISTANCE AND OFFICER SABRIN BRIGHT WAS ASSIGNED AND A DC138-B WAS COMPLETED.
>
> FOLLOWING THE READING OF THE SUMMARY OF EVIDENCE, THE INMATE WAS EXPLAINED HIS DISCIPLINARY AND APPEAL RIGHTS. HE WAS AFFORDED HIS RIGHTS DURING THE HEARING AND THE PACKAGE WAS READ IN ITS ENTIRETY. THE INMATE PLED NOT GUILTY TO THE D14 OFFENSE. INMATE SUBMITTED A WRITTEN STATEMENT. INMATE DID NOT REQUEST WRITTEN STATEMENTS. INMATE REQUESTED THE FOLLOWING TO BE LIVE WITNESSES AT THE HEARING AND STATEMENT[S] WERE OBTAINED. OFFICER ROBERTS, UNIT MANAGER SMITH, INMATE WILLIE CRAIG AND NURSE CLARK. DUE TO INMATE TRANSFERRING AN[D] DUPLICATION OF STATEMENTS, THE DHO IS DENYING THE

2

REQUEST. INMATE REQUESTED PHYSICAL EVIDENCE AND WROTE HIS MEDICAL RECORD TO BE REVIEWED. DUE TO CONFIDENTIALITY OF MEDICAL FILES, IT WAS NOT AVAILABLE.

UNIT MANAGER JAMES E. SMITH STATED, ON FRIDAY, 8/16/13 AT APPROX. 1215 HOURS I/M JOSEPH GRIFFITH RETURNED FROM THE DINING HALL AND STATED TO SGT SCOTT THAT HE WANTED TO DECLARE A MEDICAL EMERGENCY DUE TO PULLING HIS BACK OUT. UM SMITH STATED SHE SENT I/M GRIFFITH TO MEDICAL. UM SMITH STATED SHE DID NOT ORDER I/M GRIFFITH ANYWHERE HE REQUESTED A MEDICAL EMERGENCY.

SGT DONA SCOTT'S STATEMENT VERIFIES THIS AND IS ATTACHED TO PACKAGE.

OFFICER THOMAS ROBERTS STATED I KNOW NOTHING ABOUT THIS. I/M WILLIE CRAIG STATED, I WAS AWARE THAT I/M GRIFFITH WAS EXHIBITING BACK PAIN AND OTHER MEDICAL AILMENTS/ISSUES. HE APPROACHED MS. SMITH AND SHE OK'D FOR HIM TO GO TO MEDICAL. HE WENT TO MEDICAL WHERE HE RETURNED FROM STILL IN OBVIOUS PAIN AND STATED CORRECTIONAL OFFICER INMAN HAD SENT HIM BACK TO THE UNIT AND HAD THREATENED TO WRITE HIM UP FOR BEING IN AN UNAUTHORIZED AREA. RATHER THAN CONTACT UM SMITH WHO GAVE THE AUTHORIZATION.

C/O MICHAEL INMAN STATED, ON 8/16/13 I/M JOSEPH GRIFFITH WAS SEEN IN MEDICAL. C/O INMAN STATED AFTER NURSE DID EVALUATION SHE TOLD I/M GRIFFITH SHE WAS THRU AND C/O INMAN SAID LETS GO AND ESCORTED HIM OUT.

DURING THE HEARING THE INMATE STATED THAT HE WAS NOT FAKING[.] INMATE STATED THAT THIS WAS AN ONGOING THING AND THAT WAS WHY HE WANTED OFFICER ROBERTS AT THE HEARING BECAUSE HE SUFFERED FROM THE SAME THING. INMATE STATED THAT HE NEEDED A CHAIR IN HIS ROOM DUE TO HIS BACK PROBLEMS. INMATE CLAIM THAT HE PUT IN SICK CALLS AND WAS NOT SEEN. INMATE STATED THAT HE WROTE RALEIGH ABOUT THIS. BASED ON THE REPORTING

3

PARTY'S STATEMENT AND INVESTIGATING OFFICER'S REPORT, THE INMATE IS FOUND GUILTY OF THE D14 OFFENSE.

(Resp't's Mem. Ex. 1, pp. 7-8.)

Following petitioner's conviction for the D-14 disciplinary offense, the Disciplinary Hearing Officer ("DHO") sanctioned petitioner with the following: (1) 15 days segregation; (2) 10 days disallowance of good-time credit; (3) 20 hours of extra duty; and (4) 30 days suspension of visitation privileges. (Id. at 5.) Petitioner then appealed his disciplinary conviction. (Id. p. 2.) Chief DHO Zeb T. Heath Jr. upheld petitioner's disciplinary conviction. (Id. p. 1.)

## DISCUSSION

A.  Summary Judgment

  1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

4

2.  Analysis

Petitioner alleges several violations of his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution in connection with his disciplinary proceedings. Specifically, petitioner asserts that he is actually innocent of his D-14 disciplinary conviction for feigning an illness because the DHO denied his requests to have Nurse Clark present at his hearing and to present his medical records. Petitioner, additionally, asserts that his due process rights were violated because the officer appointed to assist him at he hearing denied him the opportunity to gather the evidence necessary to prove his innocence and because the conduct for which he was found guilty is not encompassed by the D-14 disciplinary offense for which he was convicted. The court will address these claims in turn.[1]

The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566.

Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent,

---

[1] Respondent asserts that petitioner failed to exhaust his North Carolina State court remedies prior to bringing this action. The court, however, finds it appropriate to proceed on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State."

5

Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the DHO's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

      a.    Actual Innocence

The court begins with petitioner's contention that he is actually innocent of the D-14 disciplinary conviction on the grounds that the DHO would not permit him to call Nurse Clark as a live witness at his hearing. Prison regulations provide that a DHO has the discretion to refuse to call a witness if "they are not reasonably available, their presence at the hearing would jeopardize institution security, or they would present repetitive evidence." 28 C.F.R. § 541.8. The Fourth Circuit Court of Appeals similarly has held that live witness testimony may be disallowed by a DHO where the testimony would be irrelevant or cumulative. Ward v. Johnson, 690 F.2d 1098, 1112-13 (4th Cir. 1982).

The DHO denied petitioner's request to present Nurse Clark as a live-witness for two reasons. First, the DHO determined that requiring Nurse Clark to present live-testimony would complicate logistics because petitioner had been transferred from Tabor, where Nurse Clark was employed, at the time of the hearing. Second, the DHO determined that Nurse Clark's live testimony would be unnecessarily duplicative because the record already contained evidence of Nurse Clark's written witness statement. (Resp't's Mem. Ex. 1, p. 7.)

Here, Nurse Clark's written statement and petitioner's medical records both reflect that Nurse Clark assessed petitioner for back pain on August 16, 2013, and determined that petitioner's

6

condition did not constitute a medical emergency. (Resp't's Mem. Ex. 1, pp. 7-8, 15; Pet'r's Resp. Attach. p. 13.) Additionally, both the witness statement and medical records reflect that Nurse Clark explained to petitioner the criteria necessary for emergency medical treatment prior to the examination. (Id.) Petitioner's medical records further make clear that Nurse Clark instructed petitioner that if she determined petitioner was feigning or faking an illness, he may be subject to disciplinary action. (Pet'r's Resp. Attach. p. 13.) Ultimately, Nurse Clark determined that petitioner's complaints did not constitute a medical emergency. (Resp't's Mem. Ex. 1, pp. 7-8, 15; Pet'r's Resp. Attach. p. 15.) The fact that plaintiff's medical records allegedly contained a history of back-related injuries does not alter the DHO's determination that petitioner's complaints on August 16, 2013, did not meet DPS's requirements for declaring a medical emergency. The court further finds that petitioner's due process rights were not violated by the DHO's denial of petitioner's request to have Nurse Clark as a live witness because her procurement as a witness would have presented logistical issues. Based upon the foregoing, the court finds no due process violation. See Wolff, 418 U.S. at 566; Ward, 690 F.2d at 1112-13.

    b.  Exclusion of Medical Records and Ineffective Hearing Representative

The court next turns to petitioner challenge to the DHO's decision to exclude petitioner's medical records from the hearing and the effectiveness of his officer-representative's evidence gathering skills. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit their access to other inmates to collect statements or to compile other documentary evidence." Wolff, 418 U.S. at 566; see also Brown v. Braxton, 373 F.3d 501, 505 (4th Cir. 2004) (holding that the right to call witnesses and present evidence at prison disciplinary

7

hearing is not unqualified). As a result, prison officials have the discretion to deny requests to gather evidence and "their decisions are not to be lightly second-guessed by courts far removed from the demands of prison administration." Brown, 373 F.3d at 505.

Petitioner contends that if the DHO had permitted him to present his medical records at the hearing, he could have proven that he had a continuing serious medical issue with his lower back which required emergency care. (Pet. Attach. A.) The disciplinary hearing record reflects that, on August 16, 2013, Nurse Clark examined petitioner in response to plaintiff's declaration of a medical emergency. (Resp't's Mem. Ex. 1, p. 7.) There is no indication in the record that Nurse Clark disputed plaintiff's complaints of back pain. (Id.) Rather, the record reflects that Nurse Clark determined that plaintiff's back-related complaints did not meet the DPS' requirements for a medical emergency. (Id.) Petitioner's medical records support such a finding. Accordingly, even if the DHO had permitted petitioner to submit his medical records at the disciplinary hearing, the records would have not altered the outcome of the proceedings. As for the ineffectiveness of his personal representative, petitioner has not pointed to any additional outside evidence which would have altered the outcome of the proceedings. Thus, petitioner has failed to establish a due process violation.

      c.      Insufficient Evidence

Finally, the court addresses petitioner's assertion that his D-14 disciplinary conviction for feigning an illness does not encompass the conduct for which he was found guilty–feigning a medical emergency. The record reflects that DPS classifies a D-14 disciplinary offense as: "Feign physical or mental illness or disablement for any purposes." North Carolina Department of Public Safety Policy and Procedures, Chpt. B §.0202(a).

8

In this case, Nurse Clark determined that petitioner feigned the extent of his injury in order to obtain emergency healthcare services under what Nurse Clark determined to be non-emergent circumstances. The court finds that the foregoing satisfies the "some evidence" standard, and the Due Process Clause was not violated. See, e.g., Walpole, 472 U.S. at 454–56; Baker, 904 F.2d at 932. Thus, petitioner failed to establish a due process violation.

As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charges and he received a written statement by the DHO of the evidence relied on and the reasons for the disciplinary action. Thus, there is no due process violation. Based upon the foregoing, respondents' motion for summary judgment is GRANTED.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 14) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 12th day of November, 2015.

LOUISE W. FLANAGAN
United States District Judge